OPINION
{¶ 1} Defendant-appellant Dwayne Dansby appeals the judgment of the County Court of Tuscarawas County, Ohio, which found him in contempt of court for failure to obey a subpoena. Plaintiff-appellee is the State of Ohio.
 {¶ 2} Appellant assigns as error:
 {¶ 3} "IT IS A VIOLATION OF DUE PROCESS OF LAW UNDER BOTH THE FEDERAL AND STATE CONSTITUTIONS TO HOLD A WITNESS IN CONTEMPT FOR HIS FAILURE TO OBSERVE A SUBPOENA HE NEVER RECEIVED."
 {¶ 4} The record indicates appellant was subpoenaed as a witness in the trial of Michkell R. Watson. The parties agree the subpoena was served via residence service, not personal service. Appellant did not appear for trial, and the criminal charges against Michkell Watson were dismissed. On March 5, 2003, the trial court conducted a hearing on the motion to find appellant in contempt of court. At the hearing, the State presented evidence appellant reported he lived at 546 West State Street, Newcomerstown, Ohio, at the time he filed the complaint against Michkell Watson. Sergeant Rodney Miller of the Newcomerstown Police Department served the subpoena by securing it to the residence. The subpoena notified appellant the trial was scheduled for November 27, 2002.
 {¶ 5} On January 25, 2003, appellant's parents called the Newcomerstown Police to 546 West State Street. The parents claimed appellant had been sleeping, but when they woke him up a confrontation occurred which ultimately resulted in appellant's assaulting his father. Appellant left the home before the police arrived.
 {¶ 6} Appellant was on probation with the Tuscarawas County Court on other matters, and had always listed 546 West State Street, Newcomerstown, Ohio, as his residence.
 {¶ 7} Appellant took the stand and testified he would frequently stay in places other than 546 West State Street, but always used that address for mail, the courts, and other important matters. Appellant testified he never received a copy of the subpoena.
 {¶ 8} At the close of evidence, the trial court found appellant guilty of willful violation of the obligation to appear on the subpoena; therefore, in contempt of court.
 {¶ 9} Appellant cites Sancho v. Sancho (1996), 114 Ohio App.3d 636, wherein the Court of Appeals for Union County held: "a prerequisite to the punishment of a person for contempt for violating a court order is that the person has notice of the order, either by actual or personal service." Appellant argues the trial court could not find beyond a reasonable doubt he received personal or actual notice of the subpoena. Appellant points out the serving officer admitted he did not personally serve appellant, and did not know whether appellant had received the actual notice of the subpoena. Appellant testified although the residence was his mailing address, he had not actually lived at the residence for the past seven or eight months prior to the serving of the subpoena.
 {¶ 10} The State responds Crim.R. 17 permits service of a subpoena by leaving it at a person's usual place of residence. Appellant testified he used the residence address as his mailing address, and for court and other matters.
 {¶ 11} Upon review of appellant's argument, we believe it essentially raises a manifest weight of the evidence argument.
 {¶ 12} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 13} Here, appellant's testimony established he used the 546 West State Street address for mail and other important matters. At the time of filing the criminal complaint and for probation purposes, appellant listed this address as his residence. Pursuant to Crim.R. 17, service of the subpoena was complete when Sergeant Miller left the subpoena at the residence. The trial court did not err in finding the subpoena properly served, and there was sufficient competent, credible evidence to support the trial court's finding appellant in contempt of court for willfully failing to appear.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the County Court of Tuscarawas County, Ohio, is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J., concur.